IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEANDRE BYRD, | § | |
| *Plaintiff,* | § § § | |
| | § | CIVIL NO. |
| vs. | § | SA-18-CV-0639-XR |
| | § | |
| NANCY A. BERRYHILL, COMMISSIONER OF THE SOCIAL SECURITY; | § § § | |
| | § | |
| *Defendant.* | § § | |

**ORDER**

Before the court in the above-styled cause of action is Plaintiff's motion to proceed *in forma pauperis* [#4]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on an inability to afford court fees and costs. Having considered Plaintiff's application and supporting affidavit, the Court is of the opinion the motion should be granted.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes income and asset information, which indicates that Plaintiff is unemployed, has no savings or other assets, and receives small amounts of money from a sister for bus money. Plaintiff claims two dependents but is unable to pay child support due to unemployment. This information

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* [#4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that, if not already accomplished, within **ten (10) days** of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant required to be served, and the United States Marshal's Service shall serve each Defendant with a copy of the summons, complaint, and a copy of this Order by certified mail, return receipt requested, if possible. *See* Fed. R. Civ. P. 4(e)(1) (permitting service pursuant to state law); Tex. R. Civ. P. 106(a)(2) (permitting service by certified or registered mail by a person authorized to serve by Rule 103); Tex. R. Civ. P. 103 (permitting service by certified or registered mail by sheriff, constable, clerk, or any person authorized by law).

Plaintiff is reminded that it is Plaintiff's responsibility to advise the United States District Clerk's Office and Defendant(s) of Plaintiff's current address and to promptly furnish change of address when such occurs. Failure to do so may be interpreted as failure to prosecute and result in dismissal of the case.

Plaintiff is further advised of Plaintiff's responsibility under Rule 5 of the Federal Rules of Civil Procedure and Local Court Rule CV-5 to serve a copy of any pleading filed, upon

counsel for Defendant(s).  Failure to do so could result in the imposition of sanctions.

SIGNED this 10th day of October, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE